Filed 2/24/14  P. v. Irving CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BOYDD IRVING,<br><br>        Defendant and Appellant. | C072953<br><br>(Super. Ct. No. 10F01569) |

On November 13, 2009, while confined at the California State Prison in Sacramento, defendant Boydd Irving ran toward Correctional Officer Mark Roberts, raised his right leg, and struck Roberts in the groin area.[1]

---

[1]  Because the matter was resolved by plea and defendant waived referral to the probation department, our statement of facts is taken from the prosecutor's statement of factual basis for the plea.

After his *Marsden*[2] motions were denied, defendant pleaded no contest to battery upon a nonconfined person while confined in prison (Pen. Code, § 4501.5)[3] and admitted a 2002 prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  The prosecution dismissed 16 strike allegations and an unrelated case (No. 05F02299) in which a jury had deadlocked and a mistrial had been declared.

Defendant was sentenced to prison for a stipulated term of four years consecutive to the term he was then serving and was awarded no presentence credit.  He was ordered to pay a $240 restitution fine (§ 1202.4), a $240 restitution fine suspended unless parole is revoked (§ 1202.45), a $10 criminal history fee (Veh. Code, § 40508.6), a $20 criminal justice administration fee (Gov. Code, § 29550, subd. (c)), a $340.01 main jail booking fee, and a $62.09 main jail classification fee (Gov. Code, § 29550.2, subd. (a)).

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Our review of the record reveals three errors with respect to fines and fees. Proceeding without the benefit of a probation report, the trial court obtained from the clerk "a sheet" listing statutory fines and fees.  The court imposed various fines and fees from the sheet.  Among them was a $10 criminal history fee pursuant to Vehicle Code section 40508.6, which allows a superior court to establish administrative assessments, not to exceed $10, for clerical and administrative costs related to a defendant's Vehicle

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] Undesignated statutory references are to the Penal Code.

Code convictions and to the attachment or restriction of a defendant's driver's license or automobile registration. Because the present case did not involve the Vehicle Code or defendant's driver's license or automobile registration, we shall strike the $10 fee.

Our review also discloses that the trial court failed to impose the mandatory $40 court security fee (now court operations fee) (§ 1465.8, subd. (a)(1); Stats. 2011, ch. 10, § 8) and the mandatory $30 court facilities assessment (Gov. Code, § 70373). We shall modify the judgment to include these fees.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified by striking the $10 Vehicle Code fee and by imposing a $40 court security fee and a $30 court facilities assessment. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


    BLEASE    , Acting P. J.


We concur:


    MURRAY    , J.


    DUARTE    , J.